**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS** **CR. No. 06-142ML**

**SAMOEUN NAK, ALIAS**

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SENTENCE VARIANCE**

Sentencing Court's are "obliged to take account of (the advisory Guidelines sentencing) range along with the sentencing goals Congress enumerated in the (Sentencing Reform Act) at 18 U.S.C. § 3553(a)." Cunningham v. California, 127 S.CT. 856, 867 (2007)

According, a Sentencing Court now goes through a three-step process in determining a Defendant's sentence. First, the Court 'determines the appropriate guidelines sentencing range." United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005). Second, the court "decide(s) if a traditional departure is appropriate. Id At 1003. Third, the court "consider(s) all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence." Id

With regard to the Defendant, Samoeun Nak, the appropriate guideline sentencing range has been determined to fall between 57 and 71 months for Counts I, II, and IV. Count III has been determined to fall between 57 and 60 months, while Count V requires a mandatory 60 month consecutive sentence.

In addressing the second step set forth in Haack, the Defendant argues that traditional departure is appropriate in that he his facing approximately 10 years in prison. Moreover, the defendant does not have a lengthily criminal history and his only prior contact with the prison

system was serving 45 days in December 2005 on a probation violation with the State District Court.

This leads to the third step described in Haack which permits this Court to consider all other factors set forth in Section 3553(a) in determining what type of sentence to impose. Id. At 1003.

As the Pre-Sentence report indicates, Mr. Nak has admitted to five counts involving possession with intent to distribute cocaine, marijuana, as well as possession of a firearm. He was arrested after his residence was searched by Providence Police pursuant to a valid search warrant, which in turn, uncovered the contraband.

Once at the police station, Mr. Nak waived his rights and cooperated fully with the police in giving statements confessing to the ownership and control over the drugs and firearm. Additionally, Mr. Nak at no time, impeded or obstructed justice. He has continuously accepted responsibility for his actions and shown remorse as evidenced by his timely guilty plea and his letter of apology.

Moreover, Mr. Nak was born in a refugee camp in Thailand and later came to Rhode Island with both parents. He is no longer “close” with his parents, but remains in touch with his siblings. Mr. Nak received his GED in 2002 and has also earned a certificate in Information Technology. Mr. Nak has also held numerous jobs over the years but a fear of being arrested for child support arrearage has kept him from being gainfully employed.

Thus, it is the Defendant’s position that it is appropriate for this Honorable Court to impose a sentence variation from the Guidelines in this matter. Such a sentence would still reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, and satisfy the other factors set forth in 18 U.S.C. § 3553(a).

Accordingly, the defendant, Samoeun Nak, respectfully requests this Honorable Court to take into account the mitigating factors described above and impose a sentence that is below the Guideline range.

Respectfully Submitted
Samoeun Nak,
By His Attorney,

Thomas G. Gulick, Esq. #5856
LAW OFFICES OF EDWARD A. SHAPIRA
400 Reservoir Avenue
Providence, RI 02907
(401) 781-0755
(401) 781-0713 (fax)

Dated: April 27, 2007