**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-142ML** |
| | : | |
| **SAMOEUN NAK** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

**INTRODUCTION**

Defendant Samoeun Nak requests that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Defendant argues for a traditional departure because he does not have a lengthy criminal history. He also argues for a variance from the guideline range because he accepted responsibility, had a difficult family life, and because a lesser sentence would nonetheless accomplish the objectives of 18 U.S.C. § 3553(a).

The Court should deny the defendant's motion because there is no basis for a departure under the guidelines and the defendant has not set forth facts warranting a variance from the guideline range.

**LAW**

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. See United States v. Jimenez-

Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted.

A. Departures

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. See United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. See United States v. Dethlefs, 123 F.3d 39, 44 (1st Cir. 1997). Other factors are described as "encouraged" or

"discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996).

B. Variances

After Booker, "[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). However, ". . . reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." Id.

In this Circuit, the guidelines are "more than just 'one factor among many,'" they are the "proper starting point for post-Booker sentencing, and . . . the proponent of a variance [has] to support it." United States v. Navedo-Concepción, 450

F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)). In deciding whether to vary from the guideline range, District Courts must consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns. See Jimenez-Beltre, 440 F.3d at 518-19.

**ARGUMENT**

A. Criminal History

The defendant seems to be moving for a downward departure pursuant to U.S.S.G. § 4A1.3(b) arguing that his criminal history category substantially over-represents the seriousness of his criminal history. The defendant claims that the guideline sentence is unnecessarily harsh given his criminal history, and he asks the court to consider the fact that he never served more than 45 days in jail at any one time for his prior convictions.

Although five of the defendant’s six criminal history points stem from traffic offenses and the violation of a sentence for a

traffic offense, the defendant's criminal history also indicates that the defendant is incapable of abiding by conditions of probation. With respect to his drug conviction, the Presentence Report (PSR) indicates that the defendant did not report to his probation officer for three months straight following his conviction. Clearly, the defendant did not take his conviction seriously because he not only ignored his punishment but began to sell a wider variety of more serious drugs.

B. Variance

The defendant has demonstrated no personal characteristics, no facts about the crime, nor any other grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a). The defendant not only ran a pharmacy of illegal narcotics from his apartment, he used a firearm in his drug business. Guns and drugs are a toxic mix in this society and stiff sentences are warranted. Furthermore, the fact that the defendant will receive a consecutive five year sentence for the possession of a firearm in furtherance of his narcotics business is not a basis for variance from his guideline range with respect to the drug offenses. See United States v. Roberson, 474 F.3d 432, 436-37 (7th Cir. 2007) (increased sentence resulting from § 924(c) charge is not a consideration under § 3553).

Despite defendant's argument to the contrary, a variance based upon acceptance of responsibility is not justified. The defendant has already received a 21 month benefit for pleading guilty and accepting responsibility.

Likewise, a variance based on background is not appropriate. Unfortunately, many defendants have terrible family lives, see, e.g., United States v. Brady, 417 F.3d 326, 333-34 (2d Cir. 2005),[1] far worse than that faced by the defendant. The guidelines specifically prohibit a traditional departure based upon lack of guidance as a youth. See U.S.S.G. § 5K2.0(d). If the Court finds the defendant's upbringing warrants a variance from the guidelines, the Court will be forced to vary in virtually every case.

[1] In Brady, the Second Circuit discussed the extremity of childhood abuse necessary for a departure as well as the causation requirement between the abuse and criminal activity in the context of a departure pursuant to U.S.S.G. § 5H1.3, Mental and Emotional Conditions. Recognizing how all too common a disadvantaged childhood is, the Second Circuit in Brady proclaimed, "it is the sad fact that so many defendants have unfortunate pasts . . . we cannot apply a disfavored departure to many or most defendants." Id.

**CONCLUSION**

For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On May 2, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Thomas G. Gulick
Law Offices of Edward A. Shapira
400 Reservoir Avenue
Providence, RI 02907

Ms. Heather McLoughlin
United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj