UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

SAMOUEN NAK,
Petitioner.

Case No: 1:06CR00142-01ML

v.

UNITED STATES OF AMERICA,
Respondent.

PETITIONER'S PRO SE MOTION FOR MODIFICATION OF SENTENCE

PURSUANT TO 18 U.S.C. §§ 3582(c)(2)

NOW COMES, the petitioner, appearing pro se in the above matter, resectfully requesting that the Honorable Court grant this, his Motion for Modification of Sentence and would show the Court as follows:

**FACTUAL BACKGROUND**

The petitioner was charged in the District of Rhode Island in the city of Providence for violations of 21 USC § 841(A)(1)&(B)(1)(C), 21 USC §841(B)(1)(D), and 18 USC § 922(g)(1).

The petitioner entered into a plea of guilty to all charges, and was sentenced to 39 months imprisonment to be followed by three years of supervised release. The sentence was imposed on 05-10-07

ISSUE I.

THE PETITIONER CONTENDS THAT THIS COURT HAS THE AUTHORITY TO APPLY THE U.S. SENTENCING COMMISSION'S PROPOSED AMENDMENT IX, WHICH ADDRESSES THE 'CRACK COCAINE OFFENDERS' AND CAN BE APPLIED RETROACTIVELY BY THE COURT IF IT IS NOT LISTED IN USSG § 1B1.10

The petitioner contends that this Court has the legal authority to apply the U.S. Sentencing Commission's proposed amendment to the U.S. Sentencing Guidelines § 2D1.1 relating to 'crack cocaine' offenders retroactively even if it will not be listed und 1B1.10 based upon a judicial finding that the amendment is a clarifying amendment.

The petitioner further contends that he would be entitled to a two point reduction to his Adjusted Base Offense Level, which would significantly reduce his advisory guideline range and ultimate term of imprisonment. The U.S. Sentencing Commission extended it public comment period until November 13, 2007 to allow the Department of Justice and the public to make comment in opposition or in favor of the amendment as to the issue of retroactivity.

As a general matter, courts may not alter a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c)(2); United States v. Housepian, 307 F.3d 922, 927 (9th Cir. 2002)("District courts do not have inherent authority to resentence defendants at any time.") (quoting United States v. Stump, 914 F.2d 170, 172 (9th Cir. 1990)). However, § 3582(c)(2) creates an exception:

> in the case of a defendant which has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently

lowered by the Sentencing Commission pursuant to 28 USC § 994(o), upon motion of the defendant or the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this section, a district court can re-sentence a defendant, like Nak, whose sentencing range has been lowered by the Sentencing Commission pursuant to 28 USC § 994(o). This allows the district court to re-calculate the defendant's sentencing range using the newly reduced Guideline, and then determine the appropriate sentence in accordance with the § 3553(a) factors. See id.

Section 3582(c)(2) permits the court to reduce a defendant's sentence after considering the § 3553(a) factors "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 USC § 3582(c)(2). After Booker, a court can go below the the Guidelines minimum when modifying a sentence under § 3582(c)(2). further, even if the policy statements are read to address this question, they do not prohibit application of the Guidelines in an advisory fashion. Finally, under Booker, to the extent that the policy statements would have the effect of making the Guidelines mandatory(even in the restricted context of § 3582(c)(2)), they must be void. USSG § 1B1.10(b). Application note 2 adds:

> In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection(c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

USSG § 1B1.10 app. n.2. Finally, the "Background" portion of 1B1.10 states, in part:

> the authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.

However, as USSG § 1B1.10(b) states only that the court "should consider the term of imprisonment that it would have imposed had the amendment[].. been in effect" in 2007, and not that it may only impose that sentence, departing from the 2007 sentence would not conflict with the language of the policy statements. Similarly, just because Nak is not entitled to a sentence reduction as a matter of right does not mean that he may not be entitled to one as a matter of discretion. See also Anderton v. United States, 136 F.3d 747 (11th Cir. 1998); see also United States v. Capers, 61 f.3d 1100 (4th Cir. 1995)

**WHEREFORE,** for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that the Honorable Court grant this, his Motion for Modification of Sentence.

Respectfully,

Pro Se'
Samouen Nak #14437-265

Date: 13 Nov. 2007

# PROOF OF SERVICE

I certify that on 13 NOV 2007 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

OFFICE OF THE CLERK
JOHN O. PASTORE
2 EXCHANGE TERRACE
PROVIDENCE, RHODE ISLAND
02903-1779

UNITED STATES ATTORNEY'S
OFFICE
FLEET CENTER
50KENNEDY ST. PLAZA
PROVIDENCE, R.I. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 13 NOV 2007 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Samer Malk
Signature

Dated: 10/30/07