IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMOUEN NAK | ) | |
| | ) | |
| v. | ) | Cr. No. 06-142ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

GOVERNMENT'S RESPONSE TO PETITIONER’S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Pursuant to 18 U.S.C. § 3582(c)(2), petitioner moves the Court to modify the original sentence imposed. For the reasons stated below, the Court should delay adjudication of the petitioner’s motion under 18 U.S.C. § 3582(c)(2). Additionally, due to the newly discovered error in the Pre-Sentence Report (PSR) set forth below, absent objection from the petitioner, the Court may, if it deems it appropriate, construe the petitioner’s motion as a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 and re-sentence the petitioner.

FACTS AND TRAVEL

The defendant pled guilty with a plea agreement to a five count indictment charging him in Count I with possession of cocaine with the intent to distribute, in Count II with possession of cocaine base with the intent to distribute, in Count III with possession of marihuana with the intent to distribute, in Count IV with felon in possession, and in Count V

with possession of a firearm in furtherance of drug trafficking. The charges stemmed from a search warrant executed at the defendant's residence during which the Providence Police Department seized among other items, 112.59 grams of cocaine, 3.19 grams of cocaine base, 1,984.09 grams of marihuana, $5,524, and a Kel-Tec 380 caliber, semi-automatic pistol.

Based upon the above-described seizures, the probation department calculated the defendant's base offense level on Counts I, II, and III to be 26. This offense level was arrived at by converting the 112.59 grams of cocaine, the 3.19 grams of cocaine base, and the $5,524 into marihuana, combining those amounts with the 1,984.09 grams of marihuana seized, and then comparing the total amount of marihuana to the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c).

In making the calculations, the probation officer arrived at a total amount of marihuana of 33,387.78 grams. See PSR ¶ 17. The correct amount was actually 90,807 grams of marihuana.[1] Neither the government's counsel nor the defense counsel noticed this error. After erroneously calculating the amount of marihuana to be 33,387.78 grams, the probation officer converted

[1] This total is derived by combining the following converted drug quantities: 22,518 grams of marihuana (112.59 grams of cocaine x 200 grams of marihuana) + 63,800 grams of marihuana (3.19 grams of cocaine base x 20 KG of marihuana) + 1,984.09 grams of marijuana + 2,505.69 grams of marihuana(453.6 grams of marihuana for $1,000 x 5.524) = 90,807.78 grams of marihuana.

33,387.78 grams of marihuana into 333 kilograms (KG) of marihuana instead of 33 KG of marihuana[2]. By misplacing the decimal point, the probation officer arrived at a base offense level of 26. The correct base offense level based upon 90,807 grams of marihuana or 90 KG of marihuana was a level 24. See U.S.S.G. § 2D1.1(c). Neither the government's counsel nor the defense counsel noticed this error.

Believing the petitioner's relevant conduct to be 333 KG of marihuana, the probation officer calculated the petitioner's unadjusted base offense level on Counts I, II, and III as a level 26[3] and his criminal history category as III. After an adjustment for acceptance of responsibility, the petitioner's adjusted offense level was 23 and his advisory guideline sentencing range was 57-61 months. See PSR ¶ 51. Had the correct base offense level been used, the petitioner's adjusted offense level would have been 21[4]. With a criminal history category of III, the petitioner's correct advisory guideline range was 46-57 months.

---

[2] The base offense level associated with 333 KG of marihuana is 26, but the base offense level associated with 33 KG of marihuana is 18.

[3] The petitioner's base offense level on Count IV was 20, but pursuant to U.S.S.G. § 3D1.1, the counts were grouped and the highest offense level of 26 applied.

[4] Base offense level 24 - 3 points for acceptance of responsibility = 21.

At the May 10, 2007 sentencing hearing, the Court sua sponte departed downward pursuant to U.S.S.G. § 4A1.3 (Departures Based on Inadequacy of Criminal History Category) and lowered the defendant's criminal history category to a II[5]. This provided a new advisory guideline range of 51-63 months. Had the Court been using the correct adjusted offense level, with a departure in the criminal history category, the petitioner's advisory guideline range would have been 41-51 months.

After arriving at a guideline range of 51-63 months, the Court then considered the petitioner's motion for a variance. Over objection from the government, the Court sentenced the petitioner to 39 months imprisonment on Counts I, II, III, and IV to run concurrently and a mandatory 60 month term of imprisonment on Count V to run consecutively to the terms imposed in Counts I through IV.

The petitioner did not file an appeal of his sentence. On October 30, 2007, the defendant mailed a pro se motion for modification of his sentence to the U.S. District Court.

## 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) authorizes the Court to modify a term of

[5] The government objected to the departure; however, under Amendment 709 to the guidelines, which has not been selected by the Commission to apply retroactively, the petitioner's criminal history category would be a II.

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). A modification under this section is only permissible if the Sentencing Commission determines that the amendment at issue is retroactive. See U.S.S.G. § 1B1.10. If the Sentencing Commission does not determine that an amendment is retroactive, then the Court does not have authority to modify the petitioner's sentence pursuant to § 3582(c)(2). See United States v. Cabrera-Polo, 376 F.3d 29, 32-33 (1st Cir. 2004).

In this case, the amendment at issue is Amendment 706, providing for changes to the Drug Quantity Table under U.S.S.G. § 2D1.1(c) for offenses involving cocaine base. The Commission will hold a hearing to decide if Amendment 706 should be applied retroactively on November 13, 2007. Thus, the petitioner's motion is premature. If the Commission determines that Amendment 706 is retroactive, then the petitioner's sentence may be modified[6]. If the Commissioner determines that Amendment 706 is not retroactive, then the petitioner's motion should be denied. See Cabrera-Polo, 376 F.3d at 32-33.

---

[6] Considering the corrected advisory guideline range, the impact of the amendment would be to lower the petitioner's adjusted offense level by two levels, producing a new, corrected, advisory guideline range of 33-41 months.

28 U.S.C. § 2255

In addition to the amendment to guidelines, there is another issue in this case regarding the correct advisory guideline range. As set forth in the FACTS AND TRAVEL section of the government's response, the parties did not detect the error in the presentence report, and thus, the Court used the wrong base offense level in calculating the petitioner's advisory guideline range. As stated above, the government believes that the petitioner's advisory guideline range should have been 41-51 months after adjustments for acceptance of responsibility and the Court's downward departure in criminal history, as opposed to the range of 51-63 months used by the Court at sentencing. Nonetheless, the Court's 39 month sentence after the variance was still below the correct advisory guideline range.

If the Court believes that the new information regarding the correct advisory guideline range impacts upon its sentence, the Court could construe the petitioner's motion as a motion pursuant to 28 U.S.C. § 2255, if the petitioner does not object.[7] See Cabrera-Polo, 376 F.3d at 31 & n.3. Should the Court construe the petitioner's motion as a motion pursuant to § 2255, the Court

[7] The Court should only construe the petitioner's motion as a motion pursuant to 28 U.S.C. § 2255 if the petitioner does not object because absent unusual circumstances, a petitioner is only afforded one opportunity pursuant to § 2255 to move to vacate his or her sentence.

could order a new sentencing, although it is not required to do so. See 28 U.S.C. § 2255.

CONCLUSION

The Court should delay adjudication of the guideline amendment issue until after the Commission determines whether the amendment is retroactive. If the Commission determines that the amendment is retroactive, then the Court should modify the petitioner's sentence. If the amendment is not retroactive, then the Court should deny the petitioner's motion.

Additionally, for the reasons explained above, separate and apart from the guideline amendment issue, the Court may want to consider the petitioner's motion as a motion pursuant to § 2255 if the petitioner does not object.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATION

I hereby certify that on November 6, 2007, a copy of the within "Government's Response to Petitioner's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" was filed electronically and is available for viewing and downloading from the ECF system.

Additionally, I caused the within response to be mailed to petitioner at the following address:

Samouen Nak
#14437-265
F.C.I. Allenwood
P.O. Box 2000
P.O. Box 300
White Deer, PA 17887

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj