CR 603
(8/80)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ~~PENNSYLVANIA~~ RHODE ISLAND

## FORM FOR MOTIONS UNDER 28 U.S.C. §2255

UNITED STATES OF AMERICA

vs. Criminal Indictment No. 1:06CR00142-01ML

SAMOEUN NAK

(full name of movant) (include name under which you were convicted)

(If movant has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment).

SAMOEUN NAK

Name

14437-265

Prison Number

FCI ALLENWOOD MEDIUM

Place of Confinement

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY

## A PERSON IN FEDERAL CUSTODY

INSTRUCTIONS—READ CAREFULLY

(1) This motion must be legibly handwritten or typewritten and signed by the movant. Any false statement of a material fact in this motion or in a motion for leave to proceed *in forma pauperis* may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question use reverse side of sheet.

(2) Additional pages are not permitted. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type you may request permission to proceed *in forma pauperis*, in which event you must complete the form on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the *original and three copies* must be mailed to the Clerk of the United States District Court whose address is *Room 2609, 601 Market Street, Philadelphia, Pennsylvania 19106.*

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

MOTION

1. Name and location of court which entered the judgment of conviction under attack: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

2. Date of judgment of conviction: 05-10-07

3. Length of sentence: 99 mo./5yr. S/R Sentencing Judge: HON. JUDGE LISI

4. Nature of offense or offenses for which you were convicted: POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME (CT. 5)
POSSESSION WITH INTENT TO DISTRIBUTE COCAINE (CT.1&2), MARIJUANA (CT.3
FELON IN POSSESSION OF A FIREARM (CT. 4)

5. What was your plea? (Check one)
(a) Not Guilty ( )
(b) Guilty (X)
(c) Nolo contendere ( )
If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: PLED GUILTY TO ALL COUNTS

6. Kind of trial: (Check one) N/A
(a) Jury ( )
(b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No ( ) N/A

8. Did you appeal from the judgment of conviction? Yes ( ) No (X)

9. If you did appeal, answer the following:
(a) Name of court: N/A
(b) Result: N/A
(c) Date of result: N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes ( ) No (XX

11. If your answer to 10 was "yes", give the following information:
(a) (1) Name of court N/A
(2) Nature of proceeding N/A

(3) Grounds raised: N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( ) N/A

(5) Result: N/A

(6) Date of Result: N/A

(b) As to any second petition, application or motion, give the same information:

(1) Name of court: N/A

(2) Nature of proceeding: N/A

(3) Grounds raised: N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( ) N/A

(5) Result: N/A

(6) Date of result: N/A

(c) As to any third petition, application or motion, give the same information:

(1) Name of court: N/A

(2) Nature of proceeding: N/A

(3) Grounds raised: N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( ) N/A

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ( ) No ( ) N/A
(2) Second petition, etc. Yes ( ) No ( )
(3) Third petition, etc. Yes ( ) No ( )

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: N/A

12. State *concisely* every ground on which you claim that you are being held unlawfully.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground One: **THE CONVICTION FOR POSSESSION OF A FIREARM 'IN FURTHERANCE' OF A DRUG CRIME MUST BE VACATED, BECAUSE THERE WAS NO FACTUAL BASIS FOR THE PLEA**

Supporting FACTS (tell your story *briefly* without citing cases or law): The evidence was insufficient to establish that there was more than mere possession of a firearm; therefore, there was no factual basis for the plea based upon the preceding events which led to the discovery of the weapon. The petitioner's alleged conduct did not satisfy the 'in furtherance' prong, because the firearm was not possessed to advance or promote the commission of the underlying [drug trafficking] offense and there was no specific nexus between the gun and the crime charged being that that the informant did not mention a weapon and the arrest was not at the residence.

B. XXXXXXXX:

The 'in furtherance'prong requires more than the 'during and relation' prong

Supporting FACTS (tell your story *briefly* without citing cases or law):

in reference to the Government's burden furhter requiring factors such as (1) whether the firearm was loaded; (2) the type of firearm; (3) wether the weapon was stolen or legitimately possessed; (4) the type of drug activity conducted; and (5) **the time and circumstances under which the gun was found.**

The key issue in this case is the fact that there was a controlled buy for a quantity of 'marijuana' and there was no mention of a weapon, nor audio of the

C. ~~Ground Three~~

Cont'd

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
~~Supporting FACTS (tell your story *briefly* without citing cases or law):~~

alleged controlled buy, nor video surveillance as to the identity of the seller. The petitioner was arrested at the residence, but was stopped in a vehicle and transported back to the residence, then took the keys to the residence and later obtained a search warrant for 'drugs only'. The petitioner did not **'possess a firearm'** when he was arrested for the alleged sale of marijuana; therefore, there was no violation of § 924(c), in addition to the residence not being owned by him or any evidence other than hearsay that he actually sold drugs.

D. Ground Four:

**THE CONVICTION FOR POSSESSION OF A FIREARM BY A FELON MUST BE VACATED**

Supporting FACTS (tell your story *briefly* without citing cases or law):

The petitioner did not possess a firearm when he was arrested in a vehicle after an alleged sale of a quantity of marijuana and there was no 'reasonable or articulable suspicion' to suggest or believe that the petitioner possessed a firearm at any time prior to his arrest being that the informant did not mention such and law enforcement did not know of any prior involvement with weapons with regards to this offense; therefore, there is no factual basis for the plea or charge.

13. If any of the grounds listed in 12A, B, C and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ( ) No ( X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: THOMAS GULICK, ESQ. (ADDRESS UNKNOWN)

(b) At arraignment and plea: SAME THROUGHOUT ALL PROCEEDINGS.

(c) At trial: N/A

(d) At sentencing: N/A

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? Yes ( ) No (XX)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (X )

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) And give date and length of sentence to be served in the future: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No ( XX

Wherefore, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on JAN 8, 2008
(Date)

Signature of Movant

Signature of Attorney (if any)

# PROOF OF SERVICE

I certify that on 08JAN 2008 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

U.S ATTORNEY'S OFFICE
FLEET CENTER
50 KENNEDY PLAZA
PROVIDENCE, RHODE.ISLAND
02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 08 JAN 2008 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature

Dated: 08 JAN 2008