IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SAMOUEN NAK )
)
v. ) Cr. No. 06-142ML
)
UNITED STATES OF AMERICA )

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

For the reasons set forth in this response, the defendant's motion to vacate, set aside, or correct the sentence should be denied.

FACTS AND TRAVEL

On January 30, 2007, the defendant Samouen Nak entered a plea of guilty to possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count I); possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count II); possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count III); felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV); and, possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count V). The defendant entered his plea of guilty pursuant to a plea agreement with the government in which he waived his right to appeal the sentence.

On April 20, 2007, the defendant was sentenced to a concurrent 39 month term of imprisonment on Counts I, II, III,

and IV, and a 60 month term of imprisonment on Count V to run consecutive to Counts I, II, and III. Prior to entering its sentence the Court granted the defendant's motion for downward departure for overrepresentation of criminal history providing the defendant with a new advisory guideline range of 51-63 months. The Court also granted the defendant's motion for a variance from the guideline range imposing a sentence of 39 months on Counts I - IV.

On November 5, 2007, prior to the Commission's determination that the new crack cocaine guidelines would be retroactive, the defendant filed a pro se motion pursuant to 18 U.S.C. § 3582(c). The government responded to the motion arguing that it was premature; however, in addressing the defendant's motion, the government noticed that there was an error in the presentence report (PSR) which affected the defendant's guideline range, apart from the amendments to the "crack" cocaine guidelines. The government in its response suggested that the Court could construe the defendant's motion as a motion pursuant to 28 U.S.C. § 2255 and address the error detected by the government. The defendant's motion pursuant to § 3582(c) remains pending.

At this juncture, the Government requests that the Court delay a sentencing hearing regarding the § 3582(c) issue until after March 3, 2008, when the Amendments to the guidelines become retroactive. When the Court addresses the defendant's § 3582(c)

claim, it can also address the error in the PSR detected by the government and explained in its response to the defendant's § 3582(c) motion (docket # 26).

DEFENDANT'S CLAIMS PURSUANT TO 28 U.S.C. § 2255

Defendant recently filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, the defendant argues that his plea of guilty to Counts IV and V, the firearm counts, lacked a factual basis. The defendant's claim is without merit and should be denied.

In determining whether a defendant's plea has a factual basis a court must only find that there is "a reasoned basis to believe that the defendant actually committed the crime to which he is admitting guilt." United States v. Matos-Quinones, 456 F.3d 14, 21 (1st Cir. 2006). Rule 11 does not require the district court judge find "'beyond a reasonable doubt that the defendant is in fact guilty.'" Id. All that is required in the First Circuit is "'an admission, colloquy, proffer, or some other basis for thinking that the defendant is at least arguably guilty.'" United States v. Delgado-Hernandez, 420 F.3d 16, 27 (1st Cir. 2005) quoting United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000).

POSSESSION OF THE FIREARM

In his motion to vacate, the defendant alleges that the district court erred in accepting his guilty plea for possession

of a firearm by a convicted felon in violation of 18 U.S.C. 922(g). The defendant argues that at the time of his arrest he was not physically in possession of the firearm, and therefore, there is no factual basis for his plea. In making this argument the defendant is ignoring the case law within the First Circuit as well as the facts of this particular case.

To prove possession of a firearm by a convicted felon the government must show that the defendant was (1) convicted of a crime punishable by imprisonment of a term exceeding one year; (2) knowingly possessed a firearm; and, (3) that the firearm was shipped in interstate commerce. See 18 U.S.C. 922(g)(1); Pattern Criminal Jury Instructions in the First Circuit § 4.18.922(g). In this particular case, it is undisputed that the government would have shown that the defendant has a previous narcotics conviction which was punishable by a sentence exceeding one year and that the firearm in question was manufactured outside of the state of Rhode Island.

The defendant disputes the possession element of the offense claiming that he did not have actual possession of the firearm. However, possession of a firearm may be either actual or constructive, sole or joint. See United States v. Powell, 50 F.3d 94, 100 (1st Cir. 1995); Pattern Criminal Jury Instructions in the First Circuit § 4.18.922(g). Therefore, even if the firearm were not in the defendant's physical possession, he is

nonetheless guilty, if he had knowledge of the firearm and the intent to exercise dominion and control over the firearm. Powell, 50 F.3d at 100. Likewise, even if other individuals, in this case the other residents of the apartment, had access to the firearm, the defendant is guilty if he shared possession with those other individuals.

In the instant case, it is clear that the defendant had possession of the firearm. At the plea colloquy, the defendant agreed that he had admitted that the drugs seized were his. (Tr., 1/30/07, pp. 23-26). He also agreed that he had confessed to purchasing the firearm several years prior and he kept the firearm in order to protect his "stuff". Id. The defendant agreed that the firearm was seized from a dresser drawer in his shared bedroom. Id. On top of that dresser, there was an ID of the defendant's and paperwork in his name. The dresser drawer in which the firearm was found also contained 34 bags of marijuana. These facts clearly demonstrate that the defendant had possession as well as knowledge of the firearm. United States v. Carpenter, 403 F.3d 9, 10 (1st Cir. 2005)("Actual possession may be established, inter alia, with evidence that the defendant either had an ownership or possessory interest in the firearm."); United States v. Chapdelaine, 989 F.2d 28, 34 (1st Cir. 1993); United States v. Calle-Cardenas, 837 F.2d 30, 32 (1st Cir. 1988).

POSSESSION IN FURTHERANCE

The defendant also argues that there was no nexus between the possession of the firearm and the drug crime. Specifically, the defendant argues that there was no nexus because he did not have a firearm on his person when he was arrested and that there was no evidence that he sold drugs. In making this argument, the defendant is again clearly distorting the facts of his specific case as well as First Circuit precedent.

The close proximity of a stockpile of drugs to the firearm may create a sufficient nexus between the firearm and the drug trafficking crime to sustain a conviction under 18 U.S.C. § 924(c). See United States v. Luciano, 329 F.3d 1, 6 (1st Cir. 2003). In United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003), the First Circuit stated, "When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime."

In this case, the facts set forth at the defendant's plea colloquy clearly support a conviction under 18 U.S.C. § 924(c). (Tr., 1/30/07, pp. 23-26). The defendant pled guilty to possessing with intent to distribute, the cocaine, crack cocaine, and marijuana seized from his apartment. Id. Along with the

narcotics seized were various items of trafficking paraphernalia, such as, baggies, a scale, a coffee pot with residue, rubber bands, and money. Id. The defendant agreed that officers would testify that the quantity of narcotics seized was consistent with distribution. Id. The defendant also agreed that he had confessed that he sold drugs and that he had the gun to protect his "stuff." Id. Finally, the firearm was seized from a drawer in which 34 bags of marijuana were seized.

## CONCLUSION

For the reasons explained above, the Court should reject the defendant's § 2255 claims because there is a sufficient factual basis in the record to support his plea of guilty.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATION

I hereby certify that on February 14, 2008, a copy of the within "Government'S Response To Petitioner'S Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 18 U.S.C. § 2255" was filed electronically and is available for viewing and downloading from the ECF system.

Additionally, I caused the within response to be mailed to petitioner at the following address:

Samouen Nak
#14437-265
F.C.I. Allenwood - Medium
P.O. Box 2000
White Deer, PA 17887

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
New York Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov