IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

v. Case No: 06-142ML

SAMOEUN NAK,

Petitioner.

PRO SE PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION

TO HIS MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the petitioner, appearing pro se in the above matter respectfully request that the Honorable court grant this, his Reply to Government's Response to his motion to Vacate, and would show the Court as follows:

BACKGROUND FACTS

On January 30, 2007, the defendant entered into a plea of guilty to possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count I); possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)(Count II); possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count III); felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV); and, possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(Count V). The defendant entered his plea of guilty pursuant to a plea of agreement with the government in which he waived his right to appeal the sentence.

On April 20, 2007, the defendant was sentenced to a concurrent 39 month term of imprisonment on counts, I, II, III and IV, and 60 month term of imprisonment on

ount V to run consecutive to counts I, II, and III. Prior to entering its sentence the court granted the defendant's motion for downward departure for overrepresentation of criminal history providing the defendant with a new advisory range of 51-63 months. The Court also granted the defendant's motion for a variance from the guideline range imposing a sentence of 39 months on Counts I-IV.

**ISSUE I.**

THE PETITIONER CONTENDS THAT THERE IS NO FACTUAL BASIS FOR THE § 924(c) COUNT BASED UPON THE EVENTS WHICH LED TO THE GUN BEING FOUND AFTER THE ARREST FOR A CONTROLLED BUY IN WHICH THERE WAS NO MENTION OF A WEAPON AT THE TIME OF THE CONTROLLED BUY FROM THE INFORMANT PRIOR TO THE SEARCH OF THE RESIDENCE.

The petitioner contends that the Court erred in accepting his guilty plea for § 924(c), because there is no factual basis based upon the circumstances of his case and the events which led to the discovery of the weapon. The petitioner further contends that there is a "reasoned basis to believe that the defendant did not commit the crime to which he admitted guilt." United States v. Matos-Quinones, 456 F.3d 14, 21 (1st Cir. 2006). The petitioner understands that all that is required for Rule 11 purposes is and admission, colloquoy, proffer, or some other basis for 'thinking' that the defendant is at least arguably guilty, although it would be an error to completely overlook the facts of the case and the informant's actions/statements which do not include any statement as to him fearing for his safety or noticing a gun during the undercover transaction.

The key in this case is 'how' and 'what basis' that the charges were premised upon, which is clarified by statute as to the 'in furtherance' requirement. This statute was clarified to prohibit more than mere possession and requires that the firearm furthered the purpose or effect of the crime and its presence or involvement was not the result of coincidence. see 18 U.S.C § 924(c). There was no weapon present or involved in the alleged transaction/controlled buy, which was the criminal act and probable cause for arrest; therefore, there is no factual basis for the § 924(c) based upon law enforcement post-

arrest and post-search warrant actions and the defense counsel's advice to plea to the § 924(c) count.

The legislative history of the amendment bolsters the view that Congress intended "in furtherance of" to create a different standard of conduct than did the "during and in relation to" language. From the House committee Report we know that members regarded "in furtherance of" as a slightly higher standard, encompassing the "during and in relation to " language. H.R.REP. No 105-344, at 11 (1997). "The government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense." See United States v. Mackey, 265 F.3d 461. By its adding possession as a prohibited act, and requiring a higher standard of participation to charge a defendant with the act, we understand Congress to have delineated a new offense within the same statute.

The petitioner's position stands for the proposition that his sale of a small quantity of marijuana to an informant 'without' a weapon during the underlying offense, does not constitute a § 924(c) offense, because there must be a specific nexus between the gun and the crime charged. The weapon in this case was not strategically located and was unloaded. The **time and circumstances under which the gun was found** is the main fact that this court must consider, and the fact that the petitioner was arrested in a vehicle for the sale only without the weapon, which was in a residence and the petitioner was taken to the residence by law enforcement versus being arrested for the underlying offense.

The petitioner last but not least request that he is given an immediate evidentiary hearing in reference to the Presentence Report error in which the Government concedes, because he has no idea where the error occurred and the Government does not specifically explain such; therefore, pursuant to Fed. Rules of Criminal Procedure, Rule 32, he request that he is allowed to review the report and to make any objections if necessary.

**WHEREFORE**, for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that his case is remanded for an evidentiary hearing and that his § 2255 relief is granted.

Respectfully,

Samoeun Nak

Date: 03 March 2008

# PROOF OF SERVICE

I certify that on 03 March 2008 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

SANDRA R. BECKNER
AUSA
NEW YORK BAR
U.S. ATTORNEY'S OFFICE
50 KENNEDY PLAZA, 8th FL
PROVIDENCE, R.I. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 03 MARCH 2008 (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

[signature]
Signature

Dated: 03 MARCH 2008