UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF RHODE ISLAND

SAMOEUN NAK,
Petitioner.

v. Case No: 1:06CR00142-01ML

UNITED STATES OF AMERICA,
Respondent.

PETITIONER'S PRO SE MOTION FOR MODIFICATION OF

SENTENCE PURSUANT TO 18 U.S.C. §§ 3582(c)(2)

**NOW COMES**, the petitioner, appearing pro se in the above matter, respectfully requesting that the Honorable Court grant this, his Motion for modification of Sentence and would show the Court as follows:

FACTUAL BACKGROUND

The petitioner was charged in the District of Rhode Island in the City of Providence for violations of 21 U.S.C. § 841(b)(1)(D) and for violations of 18 U.S.C. § 922(g)(1).

The petitioner entered into a plea of guilty to all charges was sentenced to 39 months imprisonment to be followed by three-years of supervised release. The sentence was imposed on 05-10-07.

## ISSUE I.

**THE PETITIONER CONTENDS THAT PURSUANT TO U.S.S.G. AMENDMENT NO:709, HE IS ENTITLED TO A REDUCTION IN HIS SENTENCE CATEGORY**

The petitioner contends that this Court has the authority to reduce his sentence in light of Amendment No: 709, which relates to 'related and consolidated sentences and/or petty offenses.' The reason for the amendment was to address two areas of the Chapter four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. In november 2006 the Commission hosted a round-table discussions to recieve input on criminal history issues from federal judges, prosecutors, defense attorneys, probation officers, and members of academia. In addition the Commission gathered information through its training programs, the public comment process, and comments recieved during a public hearing of the Commission in March 2007. This amendment addresses two issues that were raised during this process.

First, the amendment addresses the counting of multiple prior sentences. The Commission has heard from a number of practitioners throughout the criminal justice system that the "related cases" rules at subsection(a)(2) of §4A1.2 (Definitions and Instructions for Computing Criminal History) and Application Note 3 of §4A1.2 are too complex and lead to confusion. Compare e.g., United States v. Correa, 114 F.3d 314 (1st Cir. 1997)(order required) with United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998)(order not required)

The petitioner was convicted in a prior case 'Driving with a Suspended License', which was used against him for criminal history points and is now improper. If the prior conviction is not counted, the petitioner would be in Category I, and his sentence reduced.

WHEREFORE, for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that he is remanded and resentenced to a new sentence. . See Anderton v. United States, 136 F.3d 747 (11th Cir. 1998).

Respectfully,

Samoeun Nak 14437-265

# PROOF OF SERVICE

I certify that on 25 April 2008 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

OFFICE OF THE UNITED STATES ATTORNEY
FLEET CENTER
50 KENNEDY ST., PLAZA
PROVIDENCE, R.I. 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 25 April (date) 2008 for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature

Dated: 25 April 2008